HARDY, Judge.
This is a suit by plaintiff in her capacity as tutrix of her minor son, Sherman Lee Jordan, in which she seeks to recover damages for injuries sustained by the said minor while allegedly in the employ of the defendant. By reason of the fact that the injured youth was a minor who was sixteen years of age at the time of the accident, the action is in tort. After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from which plaintiff has appealed.
The minor was injured on or about the 14th day of May, 1948, while engaged in assisting in loading a logging truck. The truck appears to have been insecurely placed on unlevel ground. The minor was on top of a number of logs that had been loaded upon the truck when the vehicle slipped, causing the logs to become dislodged. The youth was caught under one of the logs and sustained a severe and painful compound fracture of the left leg. Total damages, as itemized, are claimed in the sum of $9,820.
In our opinion this case involves purely and simply a determination of a question of fact, that is, whether the minor at the time of the accident was actually employed by the defendant, Harrison Jenkins.
The defendant is engaged in logging operations, in the course' of which he contracts for the cutting and hauling of timber. Despite the irreconcilable conflict of testimony which is evident in the record before us, there appears to be no question about the fact that one W. I. Roe, stepfather of the minor, Sherman Lee Jordan, was engaged by defendant to cut and haul timber, for which he was paid by the-stick, that is, so much for cutting and so much per thousand feet for hauling. It appears that the minor, Jordan, had been in the employ of defendant some weeks before the date of the accident but his employment had been terminated by defendant about-a month, more or less, prior to the accident. Subsequent to his discharge by - defendant the minor had worked intermittently for an uncle and then, for a period of about four days prior to and including the date of the accident, for his stepfather.
*409 It is contended on behalf of plaintiff that the minor was employed, if not directly, at least by order of the defendant, and was charged with the responsibility of working with his stepfather, Roe, in “skinning” logs, that is, skidding them to log trucks in •the woods. On the day of the accident the minor had been so engaged and was requested by one McDonald, a log hauler un•der contract with defendant, to assist in loading the logs upon the truck. It does ■not appear that this was necessarily a part of the minor’s duties in the course of his employment but, in view of our findings as ■hereinafter stated, it is unnecessary to •dwell upon this point.
W.e find no necessity in discussing the ■testimony of the numerous witnesses in detail, for we feel that plaintiff has signally failed to establish by a preponderance of the evidence the fact that the minor was in the employ of the defendant. On the contrary the testimony convincingly preponderates in favor of the contention of defendant that the minor was actually employed by his stepfather, Roe. In support of this conclusion the following facts are evident:
That the minor was working at a wage of $2 per day, which had been promised by his stepfather; that he was not actually paid the $2 per day for his four days work until a considerable time after the accident, at which time he was paid by his stepfather; that defendant had no connection with the payment of the minor’s wages, his only obligation being payment to Roe, the stepfather, under their contractual agreement; that according to the testimony of a number of witnesses the minor had been loath to accept employment by his stepfather and had made the statement on a number of occasions that he did not want ■to work for his stepfather because he would not get paid.
As opposed to these facts it is insisted on behalf of plaintiff that the minor, Jordan, had been employed directly by order of defendant. Examination of the testimony on this point fails to so convince us. Conceding that defendant told Roe, as is contended, to put the boy to work, it is evident to us that this direction was made with the sole purpose in view of increasing Roe’s output of logs and was intended merely in the nature of a helpful suggestion rather than an order. Even more strenuously counsel for plaintiff emphasizes the fact that defendant, in writing, admitted his employment of the minor, Sherman Lee Jordan. This is predicated upon the fact that defendant, who carried hospital insurance for the benefit of his employees, at some time after the accident signed a form in the nature of a claim upon his insurer in which he certified that Sherman Lee Jordan was his employee. On the strength of this claim defendant received a check in the amount of $154 which he endorsed over to Jordan and the North Louisiana Sanitarium in Shreveport, in which institution Jordan was a patient, and which draft was applied upon Jordan’s hospital expenses. Defendant on the stand quite frankly admitted this action and as candidly admitted that the statement was false, justifying his action upon the ground that it was performed at Roe’s request and in the interest of giving the family whatever financial assistance might be procured through this means. It further appears, by inference, that defendant did not regard his action as being dishonest in consideration of the fact that the minor had at one time a few weeks before the accident been in his employ and, in his opinion, had been covered by the policy in question.
Giving full value to these contentions we nevertheless remain of the firm opinion that they fail to outweigh or to overcome the testimony in defendant’s favor.
Having reached the conclusion that plaintiff has failed to establish that the injured minor was in the employ of defendant, it follows that the alleged charges of gross negligence against the defendant on the ground that the minor was employed in logging operations in direct contravention of statutory prohibitions; in failing to advise the minor of the dangers involved in logging operations, and in failing to provide normal safeguards for the minor’s protection must necessarily fall.
Though the District Judge did not advance written opinions in support of his judgment, it is conceded, in fact empha *410 sized, in brief of plaintiff’s counsel, that he decided upon the basis of the point which we have discussed in this opinion, that is, the fact of employment. Inasmuch as we have reached the same conclusion it follows that we perceive no error in the ruling and judgment of the District Court. Accordingly the judgment appealed from is affirmed at appellant’s cost.